May it please the court Bruce Campbell representing Pacific Seafood with the court's permission I'd like to reserve five minutes for rebuttal. As the court noted nearly a year ago the court vacated and remanded the district court's order that denied Pacific Seafoods motion for a preliminary injunction. There have been two significant events that have occurred since that date. First the district court issued an order denying Pacific Seafoods renewed motion for a preliminary injunction on remand. In its order the district court stated that this court had ignored the law, misconstrued the evidence, and mischaracterized the district court's analysis. The district court failed to give effect to this court's opinion and essentially adhered to many of the rulings that this court had reversed on appeal. There are four in particular. One is that the Pacific Seafood had no legitimate interest entitled to protection. Two that there's no evidence that the parties compete with branded products. Three that the agreement was not enforceable during due to drafting problems. And four that there was no irreparable harm because Pacific Seafood has not shown any actual harm. Each of those four instances the district court adhered to its original ruling and and failed to heed this court's opinion. In so doing the district court violated the rule of mandate doctor. You know what's I can tell you now or you want me to let you finish? Your honor I'd like to hear it right now. You are now back. Well we know why you wanted the preliminary injunction initially. You didn't get it and a year has passed and whatever took place has taken place. So how do we undo that? We can't undo it. The years passed so now you're saying give us another year because that was the initial request. On what theory? We know that it can't be for the same reason you requested initially because that year has already passed. So there it and I'm just wondering if the reason is do you want us to punish by now giving you another year? Do you want us to you you want the reason you get it initially I think was because you were concerned about competitors and information that could pass and things that could happen within a year but the years passed. So it seems to me the posture of this case is somebody needs to sue for damages if they are damages or not but I don't think anybody needs to have this another year injunction. What would be the purpose? Your honor the purpose and that's the precise reason for the equitable extension doctrine and the purpose is to first it's several fold it's one to give the party the benefit of its bargain or as close as it can get to the benefits as part and let's do it but this is not the first case in which that's happened I mean there have been a number of cases. First case before me where it's happened and that's why I'm asking you to tell me what we can do and why we can do it how we can do it. I think another principle reason is to protect the integrity of the courts and and we've laid this out in our brief that when Ocean Beauty came before the court in October of 2014 when we had the first motion the motion for a preliminary injunction was first argued before the district court they told the court several things one thing they told the court was that Mr. Colston was not was not competing was not violating his non-compete agreement because he was working in a different market sector he was selling to grocery store he's not selling to grocery store. Let me interrupt from Brooklyn if I may my apologies for not being there but I thought it was the provident thing for me to do to save taxpayer dollars by doing this from Brooklyn so I hope you can hear me and you know I would have loved to been there with you in person but I decided it would be best not to do that but let me follow up on Judge Farris's question what exactly do you want to accomplish here let me expand on that in one or two respects if I can. You mentioned you feel obliged to protect the integrity of the judicial process I think that's one of the things you said realistically in terms of your client what do you really expect to accomplish. It seems to me that for the one year interregnum that this is all about you folks are spending you know hundreds and hundreds of thousands of dollars litigating this thing and hasn't this really taken on some sort of unusual proportions in the realistic world so maybe you can sort of speak to me realistically about all of that. Well your honor it has cost a lot of money but I think that's been imposed on Pacific Seafood but I would say what we now know and we didn't know before until Mr. Colston submitted his second declaration is that beginning in August 2014 Mr. Colston was not only competing with Pacific Seafood but was actively soliciting one of Pacific Seafood's major clients QFC contrary to the representations that they made to the district court and the district court. They both shared QFC in common they both were servicing QFC it was not like a new customer it was a customer that they both shared but I just wanted to focus more specifically on what it is you seek to accomplish here now do you think that there should be some sort of punishment that there's monetary damages the integrity of the court I mean realistically speaking can't we sort of have peace now at this particular juncture and get the parties to shake hands and go on with their lives. You know your honor I think there was a time along at the very beginning where there was an attempt to shake hands but that time has come and gone I think that you know we have tried we've gone through the Ninth Circuit mediation process to no effect to no end but what we would want at this point is to a one year injunction so that Pacific Seafood can get at least part of the benefit of its bargain and that is Mr. Colston agreed not to compete with Pacific Seafood. Not to solicit Pacific Seafood's clients not just his clients but Pacific Seafood's clients. So you're basically asking for equitable relief here an extension so there will be at least one year when he would not be permitted to work for his current employee I guess right and doesn't that raise the separate discrete issue as to whether or not we have the power or the court has the power to engage in this equitable relief by extending it for one year I'm not so sure that the law of Oregon is so clear on that issue what do you have to say about that? Your honor I have to say that Oregon courts have not spoken directly to that but the Garrett Callahan case certainly opens that possibility and the Actuant case which is a district of Oregon decision does recognize the equitable exception doctrine there are a number of federal courts that have a number of state courts throughout the country that have recognized that the court has the power. But isn't this a matter of Oregon law and would we not have to certify this to the Supreme Court of Oregon to get a definitive answer from the High Court of Oregon as to whether that principle applies or not under Oregon law? Your honor that would be an option but I think the court can predict what Oregon courts would do based on. Let me comment if I may on a couple of points that relate to Judge Block's question. I think it's entirely appropriate for Pacific Seafoods to be here raising the issues it raises on the appeal because for one thing you've got a complaint for damages for interference with contract and trade secret products. And if the ruling below on the injunction stands undisturbed I think probably the claims for damages you've made are off the table because of the law of the case in the district court which said the provision was not enforceable so I think we have to be reviewing that as part of the injunction appeal. But more generally the question is whether Oregon on injunction would extend time through equitable tooling and our job is to predict what the Oregon State Supreme Court would do. What's your best case or cases from either the Oregon Supreme Court or some intermediate appeals court in Oregon that would support the view that it would extend the non-compete period? Your Honor I think actually one of the better cases is the Garrett Callahan case which is cited by Ocean Beauty where the court actually denied injunctive relief and said because there had been no evidence that there had been a breach of the agreement throughout the dependency of the non-compete. Here despite what Ocean Beauty has said to this court before we now know it's undisputed that Mr. Colston was actively soliciting and competing against Pacific Seafood in derogation of his non-compete and non-solicitation agreements. I think there's a separate issue too I mean the court has inherent power to issue equitable orders and I think this is a case that really calls out for that very strongly. For what reason? What would be the purpose of it? Your Honor the purpose is Pacific Seafood after Mr. Colston moved to Ocean Beauty, Ocean Beauty filed a lawsuit immediately a death judgment action. Pacific Seafood moved as quickly as it could to seek a preliminary injunction to enforce the non-compete. So the district court judge set the hearing in October so we had to wait a couple months for that hearing but had the truth come out at that hearing that Mr. Colston was soliciting QFC one of Pacific Seafood's biggest customers was also directly competing against Pacific Seafood by selling to its grocery store customers not competing in some other sector like they had told the court it would have been appropriate to have injunctive relief. And so Pacific Seafood essentially without injunctive relief Pacific Seafood loses the benefit of the bargain and a party who has misled the court is allowed to walk scot-free. Well not allowed to walk scot-free if you've been damaged and if you now bring an action to show your damages the judge who granted the injunction asked you at a point what are your damages? And I've looked to see what your response was and you know what your response was. At the time we went before the court in October of 2014 we didn't know at that point because the truth actually had been shrouded at that point. We had filed I think the briefing was completed in early September so everything was very new and nascent we hadn't had much time before and we were still operating under the understanding that Mr. Colston was not actively soliciting and competing against Pacific Seafood. A third of the court and you know I can only speak for a third of the court. A third of the court thinks yes there is a covenant not to compete and a third of the court would think yes you did compete but it's all done. An injunction isn't going to undo it so the situation then is for you to bring an action for your damages. Now I'm not telling you how to practice law but I'm wondering if that's the only remedy available to you now. If we grant an injunction what we would do is say all right you did it for the first year and we told you not to so now we're going to give you another year. All right so we give another year and he says I'm not going to do it and he does it another year. So then you come back at the end of the second year and you say I did it two years. Give us another year and we could keep this up until the end of time. If you've been damaged now is the time to bring your action for damages isn't it? You tell me why I'm wrong. Well your honor I think yes we do have an action for damages and damages are one of the problems with non-competes is damages are difficult to prove. But there are nominal damages too even if the damages are incapable of proof that would trigger a violation of the non-compete and non-solicitation. I think that's a given at this point. But Mr. Colston agreed that he would not compete and not solicit and courts around the country have granted injunctive relief in these situations. Even a year ago this court said even though we're at the tail end. What's your best case on that? The best case? I think Actuant is one of the best cases which cited Presto X from Iowa. There's a case called Roanoke from Virginia that deals with precisely the situation where the clock runs out. You should not benefit the party that delays and punish the party because the other party has delayed. Even those cases they pale in comparison to what's happened here. Initially you said you wanted to save five minutes for rebuttal and you're down to under a minute now. We can add a couple of minutes for rebuttal but if you want to make rebuttal argument you should try to wrap up your argument now. The panel questions of Judge Ferris and me and Judge Block used up a good portion of your time. I'll let you have three minutes extra for rebuttal. Thank you Judge Gould. At this point I will cede the floor to opposing counsel. Okay. Stacey we'll add three minutes for rebuttal. Okay now Ms. Ellsworth this was set for 15 minutes for you. To be fair on time we'll give you another three minutes too. Thank you Your Honor. Good morning. May it please the court. My name is Marsha Ellsworth. I represent Ocean Beauty and Mike Colston. With me in the courtroom today are Mr. and Mrs. Colston and the executive team from Ocean Beauty. As a preliminary matter it is our position that the court carefully followed the mandate. The court was asked to reconsider the evidence, reconsider the motion, look at the supplemental evidence and it did just that. A little curve ball was thrown in because the renewed motion was actually a different motion. And we provided evidence with regard to that motion. The court thoughtfully considered it, thoughtfully wrote an 18 page opinion and again denied the injunction. Let me interrupt you and let me be the first. My apologies to interrupt you. I know it may be difficult. You have to swivel around. But you're looking at Brooklyn right now. We have a beautiful view of the Brooklyn Bridge which unfortunately you cannot see. But it seems that a lot of effort was rendered by the district court talking about whether or not the Pacific can narrowly tailor its non-compete agreement. And I think a major part as I read Judge Martinez's decision is that he relies upon the fact, amongst other things, that it was overbroad and that it was inappropriate to narrowly tailor it. Do you think that's a correct position as a matter of law? And the follow-up question is what if we were to disagree with you? What would be the outcome then if we were to determine that Judge Martinez was wrong and that legally it could be narrowly tailored? Okay, first question. Can it be narrowly tailored? No, not at this procedural posture. Because we're in the preliminary injunction phase, perhaps under the right circumstances the case could be blue-lined or narrowly tailored once all the facts are before the court. Counsel, why in a preliminary injunction can't a district court say this covenant to have meaning, to be reasonable, has to be limited to a certain reasonable geographic scope? I don't understand why you say that's not possible at this stage. It seems to me that our prior decision specifically told the district court that the way we read Oregon law, provision could be narrow. And I thought the district court disregarded our mandate and didn't try to enforce this provision with a reasonable scope. Well, two points in response to that. First, the Oregon cases that do discuss blue-lining, also the procedural posture of those cases was not in the preliminary injunction posture. The problem with blue-lining in a preliminary injunction posture is the parties have nothing, the employee is held hostage by what the employer wishes to do. And that's cited in our brief as the concept of the interorum clause. And that's what happened in this case. It was an exceedingly broad non-compete to start with anywhere we do business, which conceivably is the whole world in reality. And then when it suits its purpose, Pacific says, oh, okay, not here or not here. So if we were to disagree with you, pardon me for interrupting. I know it's awkward. If we were to disagree with you, what would be your position then as to how we should proceed? Let's assume we disagree with that. If you disagree with that, then I think there are still several things in front of you that would require you to affirm the lower court's decision. And that is as follows. Such as what? Go ahead. Such as one, the equitable extension issue. We are now two years, nearly two years into this, and the time has run. The second thing is there's a significant question of fact as to where Mr. Colston actually worked and what he actually did at Pacific Seafood. Let me interrupt. There was no hearing here. Everything was done on papers. And I think Judge Martinez acknowledged here that the evidence on the record I'm quoting from his decision before the court creates issues of fact as to where Mr. Colston actually worked and what he learned while in that employment. So it seems that those issues of fact were not resolved. They're open. They weren't resolved, Your Honor. And there are open issues of fact with regard to that issue in particular. Don't you think that has to be resolved? That could be resolved. But I don't think it has to be resolved for this court. It would have to be resolved for there to be a claim on damages like raised by Judge Ferris. Because the district court decision said the clause is not enforceable. So there'd be no damages. Well, I don't think. I'm sorry. So if the district court was wrong to not limit the geographic scope and enforce a reasonable scope and duration of a non-compete, if that was wrong, then wouldn't we have to say that? In this case, even though it's on injunction, one of the elements of injunction is likelihood of success. Correct. And in scouring the opinions of the district court, I don't think the district court has made an affirmative ruling that the non-compete is in fact unenforceable. That has not been a final decision. He said he didn't like non-competes. Yeah. And he said, I don't think it's likely enforceable for the following reasons. Some of my colleagues who don't like death penalty, they always find something wrong. That's what's happened here. Understandably. And in fact, there was a motion for summary judgment pending on that precise issue between our visits here and the district court stayed the case pending resolution here. So that issue is currently pending. But the court hasn't, as a matter of law, has not decided that. But we come back to the irreparable harm issue. And if Pacific Seafood can't show irreparable harm, then there's no point to the, well, there's two no points to the injunction. One, of course, is the equitable extension issue. The time's run. Two, they can't show irreparable harm. And I would like to take this moment, if I may, and clarify the record on the QFC issue. Pacific Seafood has made quite a statement about their view of the case. And including attacks on my client and attacks on me. And I don't appreciate it. And they're not true. And I just want to call the court's attention to a couple of things because I think it's important in understanding what's going on here. And if we go back to as early as early September 2014, Pacific Seafood was told in two places that Mr. Colston had a new job. And that was in the answer, specifically called out in the answer. And it was in the job descriptions that were provided with discovery. And, in fact, those very job descriptions with the general manager Seattle description were attached to the declaration of Jim Phillips, which was attached to the motion to supplement the record. And that's at ER 148. At the initial hearing, there was discussion by Pacific Seafood about what its concerns were. And one of its concerns specifically stated was that Mr. Colston was soliciting customers at QFC. And that's at SCR 183. Pacific Seafood has known that fact from day one. And to claim now that they didn't and somehow that should form the basis for the equitable extension argument, or that somehow Ocean Beauty and I have misled the court deliberately is simply not true. Let me shift gears. I'm sorry. Go ahead. The big problem here, in my mind, is that because the district court apparently concluded the covenant's not enforceable because he wasn't going to narrow it as we suggested it should be narrowed, that he didn't really address and make fact findings on all the issues that might be pertinent to injunctive relief, or on all the issues that could be pertinent to other equitable relief, or that could be pertinent on the damage claims which are in the complaint. So I have a little trouble here with seeing how we can address this without a more complete factual record. And so I'd like you and Mr. Campbell to at least briefly address whether, if we disagree with what the district court said about the narrowing of the covenant, whether this should be remanded, and if it's remanded, if it should be remanded to a different district court judge. In response to that, two points. I think first, because the case is still pending, and of course there's quite a bit of irony in that, is if the case had proceeded from the beginning we'd probably be done with it by now, but the case is still pending, there is still a damages claim, and all of those findings of fact can be resolved, can and should be resolved, in the damages claim. Because those are relevant to those, by that I mean the scope of his employment is relevant to damages. But is there a damages claim if the covenant's not enforceable? Well, there is still a damages claim, because there are two factors in that agreement. One, there is a general covenant not to compete anywhere we do business, and two, there are non-solicitation claims. Pacific has now taken the position that Mr. Colston is soliciting its customers, and therefore they do still have a damages claim. And there is an issue there about QFC and whose customer is QFC, and I think the record is very clear that QFC has been a customer of both of these companies for many, many years. To address the question I posed to you, whether if we disagree with the district court's approach to the covenant, and conclude we should remand because the facts aren't adequately developed, whether it should go to a different judge? Thank you for reminding me about that. I think no, it doesn't need to be assigned to a different judge. Judge Martinez has showed repeatedly in this case that he's not favoring one party over the other, that he is reading the pleadings, he is looking at the evidence, he is being very thoughtful. And a couple of examples of that, he denied Ocean Beauty's motion for attorney's fees, he denied our request for an evidentiary hearing, he granted Pacific Seafood's request for an expedited briefing schedule. There's probably a few more, so I think what Pacific Seafood has lost twice in front of Judge Martinez is the motion for preliminary injunction. But Judge Martinez has presented a thoughtful, fair, and balanced view of the case. He is familiar with the case, and I don't think there's a need to ask another judge to review it. Let me, if I may now, totally shift gears here. You now have gone a long way in battling with each other and Judge Martinez, and whether I characterize this as bad blood, but there's something as a practical matter which concerns me here, all the way from Brooklyn, in terms of the reality, business judgments that are made or not made, and it seems as if the parties are just warring with each other in perpetuity. You've been through mediation once, that was not productive. Now you've gone back now, and then you're coming back here. This is a bit of a mess here. You now have the benefit of Judge Farris's concern, and some of those concerns I share as well, that what are we to accomplish here by protracting this thing on and on and on. You have the benefit of Judge Gould's insightful comments, and some of those I share as well. Maybe it just might be useful now if you engage in mediation again. Do you think there's any wisdom in doing that now that you have the benefit of everything that has happened since you last engaged in mediation, and you have a sense that this bench is somewhat troubled in a number of ways, pro and con about your positions? Your Honor, in my opinion, mediation is always worthwhile. Discussions and resolutions are always worthwhile. I hear your concerns and understand them and appreciate them. This is a frustrating, long-term... Rather, as you've noted, what are we doing here two years later still arguing about the same things? In my opinion, as a practical matter, what does Pacific Seafoods get out of this? Well, they get publicity out of this, and it sends a very loud message to its employees and its competitors that it will fight to the end regarding these non-compete agreements. I'm going to weave into that right now the whole equitable extension issue. So I take it you're saying that you are open to mediation, and that Pacific Seafoods may be the problem. I'm going to ask him whether he's open to mediation now in a good faith effort to try to get people to be sensible. There's a lot of business judgments here, it seems to me, that haven't been taken into full account. Anyway, you've answered the question. Thank you. I was going to make a point about the equitable extension issue, and now I remember what it is. That's another drafting problem with this agreement, is Pacific Seafood did not put a tolling provision in its non-compete agreement. Had they put a tolling provision in their non-compete agreement, we wouldn't be having this discussion, but they didn't do it. And that's yet another example of Pacific Seafood, the deficiencies with the agreement, and Pacific Seafood now looking to the court to resolve the drafting issues that they should have figured out in the first place. But we said that there was no drafting issues. To that extent, I think that the district court was obliged to follow what we said. And, you know, we specifically said that the standard terms of conditions are referenced in the 2014 offer letter. The district court seemed to take issue with that, but we made it very clear whether the district court agrees or not that that is really the law that the district court was obliged to follow. I understand that. And I think the point I would make with this is this is in the posture of preliminary injunction motion. So the typical law of the case doesn't apply because preliminary injunction motions and hearings are just that, preliminary. And it is not uncommon for additional evidence to come in during the period of an injunction that the district court may or may not consider and perhaps modify, change a preliminary injunction order. Let me ask you this. Do you think then that it's fixed when the preliminary injunction action is filed that that's the state of the record which must carry forth and that changing circumstances should not be considered during the course of the hearing or the proceeding? Is that what you're saying? That we should judge this case on a stale record and not on a current record? No, that's not what I'm saying. There are instances where facts and circumstances change. And new facts arise, which should be considered by the district court. Okay, counsel, I'm afraid you're over your time even with the extra three minutes we had. But why don't you collect your thoughts, say whatever you'd like to say in a final sentence or two, and then we'll let Mr. Campbell do his rebuttal. Thank you, Your Honor. In conclusion, we request that this court affirm the denial of the motion for preliminary injunction. Thank you for your attention and thank you for your hard work on this case. Mr. Campbell. Yes, thank you, Your Honor. With respect to the representations to the court, counsel said that Pacific Seafood knew full well what Mr. Colson was doing, where he was working. I don't agree with that statement, but let's assume that's true. It doesn't relieve counsel of their obligation to tell the truth to the court. And I'll stand by everything that we said in our brief with respect to the representations that counsel made. Counsel, and this is at page 25 of our opening brief, Ocean Beauty often said over and over again that Mr. Colson has not attempted to solicit and will not be soliciting any Pacific Seafood customers. It repeated that statement to this court, and, in fact, this court had to point out at the last line of its opinion last year that just because you're not soliciting doesn't mean you're not violating a non-compete agreement, because this court heard that same story. On remand, Judge Martinez, one of the reasons he found that there was no irreparable harm is he said, one, there's no actual harm, which was contrary to this court's legal ruling, but also he said there's no evidence of solicitation. And, in fact, there is an admitted solicitation of QFC, which is a Pacific Seafood customer. They share that in common. That's the same. They each have that account. They had that account before. How can you solicit an account that previously existed? I don't get that. I take it that you're not responding to the issue of mediation. I want to know as a practical matter, are you just drawing a line here and you want to win at all costs and you don't care how much money you spend, how much time and effort, how many judicial resources you engage in? You just want to win, or are you willing to be more open-minded now to possibly resolve this matter and use some good business judgment? Your Honor, we have been very open-minded and I think we've exercised business judgment throughout. We tried to mediate before the DEC judgment action was filed. It was filed when we thought we were mediating, when we thought we were trying to resolve it. How about now? How about now? You have a sense here that we have something here, which is dividing the court, and you may win, you may lose. How do you feel about it now? I think we, on appeal a year ago, we tried for three months to mediate, and I don't think anything's changed, Your Honor, and I think one problem is... You answered the question. I'm just exploring whether you're open-minded. I just wanted to know your position. All right, go ahead. With respect to reassignment on remand... Well, we may not remand. Well, I think I would ask that the court decide these issues on appeal. I think these issues... The record is now very clear in light of the submissions on remand. As far as where Mr. Colston worked, he's admitted that he worked in the Clackamas region. He said he didn't work in the Mukilteo distribution facility, but he didn't rebut Mr. O'Halloran's statement from Pacific Seafood that Mr. Colston worked in the Mukilteo area. So the narrowing, which is permitted by Oregon law that we're asking for, is only those regions where Mr. Colston, where the evidence shows without dispute that Mr. Colston worked. But if the court does remand, counsel said the district judge was fair and balanced, I would ask that the court look at the language itself, look at the characterization of counsel's arguments. The last time I've heard fair and balanced was a description of Fox News, and that's not... All right, I think we get that argument. Let me say this. You're also over your time, even with the extra three minutes we gave you. So I think we're going to have to bring this to a close. But I want to ask one further question of both counsel about the possibility of mediation that Judge Block has raised. There are two different ways, if we want people to explore mediation that I'm familiar with, that we could do it. One is after argument before writing any opinion, we can issue an order telling the parties to consult with the mediators. And if they don't voluntarily want to mediate, or it doesn't go anywhere, that's the end of that. Then we decide. Or we, in some cases, will work up our decision, make our decision, file the decision, but file an order saying that we're going to stay the mandate for a specified time after our decision so the parties can pursue mediation if they want to do that. And I'd like to know if either of you have a position on if we're going to urge mediation, which of those approaches is more likely to have any possible impact? Your Honor, I think that the latter option would be preferable because it would give greater clarity to what the court is thinking. And if this case is going to be resolved amicably, it's only going to be because the court has spelled out where it's going to go. I think anything short of that is going to result in a failed mediation. Okay. Ms. Ellsworth, any comment on that point? Probably not surprisingly, Your Honor. I would say the opposite. Given the tone and tenor of the conversations following this court's last order, I think if there is success, the possibility of success in mediation is more likely to come at this stage before the court issues an order. Okay. Well, I appreciate counsel's patience with all of our questions. It's not an easy case. Let me say we will. It's not an easy case, but we aren't afraid of ruling. We do it all the time. I'd like to just comment that I want to thank both counsel. The case is very well argued on both sides. I do share some concern. I think Judge Block was indicating about the amount of client resources going into this dispute about what is normally a fairly routine matter, a reasonable scope, geographically in duration of a non-compete clause. But I assume that Ocean Beauty and Pacific Seafoods have good business reasons in their own minds as to why they want to make this a pitched battle. So we will therefore issue a ruling. If we want supplemental briefs on any point or if we want the parties to go into anything on mediation, we will send you an order. But other than that, the case is now submitted. Thank you. Thank you all. All rise.
judges: Farris, Gould, Block